(No. 74-CV-65-)

MAHLON MIMS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 8, 1975.*
*Amended Opinion filed January 27, 1975.*

MAHLON MIMS, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arose out of a criminal aggravated battery on May 11, 1974, in the vicinity of 86th Street and Ashland Avenue, Chicago, Illinois. Mahlon Mims of 13130 Eberhart, Chicago, Illinois, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act" (hereafter referred to as the "Act"), *Ill. Rev. Stat., 1973, Ch. 70, Sec. 71 et. seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report by the Attorney General of the State of Illinois, which substantiates the matter set forth in the application. Based upon the documents and other evidence submitted before the Court, the Court finds as follows:

722

1. That the claimant was a victim of a violent crime covered under *Ill. Rev. Stat., 1973, Ch. 70, Sec. 72* to wit:

"Aggravated Battery, *Ill. Rev. Stat., 1973, Ch. 38 Sec. 12-4*"

2. That said crime occurred at approximately 11:00 p.m. on May 11, 1974 in the vicinity of 86th Street and Ashland Avenue, Chicago, Illinois, at which time Claimant suffered gunshot wounds to the abdomen.

3. That said crime was reported to Chicago Police, Chicago, Illinois, promptly and claimant has cooperated fully with law enforcement officials. That, the assailants have not been identified and that the investigation is ongoing under the direction of Investigator Fred Haley, Star No. 9780 of the Chicago Police Department.

4. That there was no evidence that claimant was a relative or member of the same household of the assailant.

5. That the injury to claimant was not attributable either to his wrongful act or substantial provocation on his part.

6. That claimant has sustained expenses in excess of $200.00 compensable by Sec. 74 of the Act, to wit:

| | |
|---|---|
| A. Hospital Expenses | $5,403.17 |
| B. Doctor Expenses | $1,461.00 |
| TOTAL MEDICAL EXPENSES | $6,864.17 |

7. That claimant was unable to work for a period of 14 weeks, or 3.5 months. That he sustained an actual loss in wages in the amount of $4,704.00. That he was reimbursed by disability benefits from his union of $745.00, making his net loss $3,959. That, based on the statutory maximum compensation of $500.00 per month

over the 3.5 month period of wage loss, the maximum compensation available to claimant is $500 × 3.5, or $1,750.

| | |
|---|---|
| ACTUAL WAGES LOST | $4,704.00 |
| DISABILITY BENEFITS | –$ 745.00 |
| NET LOSS | $3,959.00 |
| STATUTORY MAXIMUM COMPENSATION AS EXPLAINED ABOVE | $1,750.00 |
| TOTAL EXPENSES AND COMPENSABLE LOST WAGES | $8,614.17 |

8. That medical benefits have been paid by claimant's union welfare fund in the amount of $5,782.44.

| | |
|---|---|
| LESS INSURANCE BENEFITS | $5,782.44 |
| TOTAL UNREIMBURSED EXPENSES | $2,831.73 |

9. That there are $25.87 in telephone and personal service charges on claimant's Hospital bill that are not compensable under the Crime Victims Compensation Act.

| | |
|---|---|
| LESS UNCOMPENSABLE | – $ 25.87 |
| LESS $200 DEDUCTIBLE PURSUANT TO SEC. 7(d) | – $200.00 |
| TOTAL | $2,605.86 |

10. That the proof submitted in support of this claim satisfied all the requirements of this Act, and the claim is therefore compensable thereunder.

IT IS HEREBY ORDERED that the sum of $2,605.86 (TWO THOUSAND AND FIVE DOLLARS AND EIGHTY SIX CENTS) be awarded to Mahlon Mims, as an innocent victim of a violent crime.

11. A detailed summary of the facts and information by the Court is contained in an investigative report prepared by the Attorney General. A copy of said report

remains in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

## AMENDED OPINION
### and
## SUPPLEMENTARY ORDER

This court has previously filed its opinion in the above matter awarding compensation to the claimant in the total sum of—$2,605.86. However, payment of the said award has been delayed due to an omission in the law concerning certain payment procedures which the General Assembly will remedy as expeditiously as possible.

To expedite a payment of part of the compensation to which the above named claimant is entitled, the court on its own motion orders herewith an immediate partial payment up to the limit which this court is legally authorized to order paid in such claims from the Court of Claims Fund.

Accordingly, the court hereby supplements and amends the opinion and order previously filed in this claim by adding the following further order:

It Is Further Ordered that the sum of $999.99 (Nine Hundred Ninety-nine Dollars and ninety-nine cents) be paid to the claimant immediately from the Court of Claims Funds as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $1,605.87 be referred forthwith to the General Assembly for its approval.